WILLIAM M. LAMBETH and another *v.* JAMES D. KERR.

The payee of a note made by the defendant, desiring to secure a debt due to plaintiffs, endorsed the note in blank, and deposited it in the hands of plaintiffs' attorney, to apply a portion of the proceeds, when due, to the payment of the debt ; the balance to be accounted for to the endorser. Defendant was notified of the transfer to plaintiffs' attorney for the purposes mentioned, and promised to pay the note to the attorney. In an action against the maker : *Held*, that the endorsement and delivery of the note for the purposes stated, and the notice to defendant, operated a legal transfer of the portion intended to be paid to the plaintiffs ; that defendant's promise established his consent to the division of the debt ; that claims against the payee, subsequently acquired by defendant, can only be set off against the portion of the note not transferred for plaintiffs' benefit ; and that the attorney became the agent of both the plaintiffs and payee, and was accountable to each for the portions respectively due to them.

APPEAL from the District Court of Carroll, *Curry,* J.

*Willson* and *Brent,* for the appellants.

*Dunlap,* contra.

MORPHY, J.   This is a suit brought by the holders against the maker of a promissory note, for $4000, drawn to the order of and endorsed by James B. Prescott, dated the 7th of April, 1840, and payable on the 15th of February, 1842, from which date it bears interest at the rate of ten per cent per annum on its face. The defendant admits his signature to the note, but shows that J. B. Prescott, the payee, is indebted to him in the sum of $5875, by reason of sundry documents annexed to his answer, establishing payments to that amount, made by him for Prescott on the 10th of March, 1842.   He further alleges that Prescott, being thus indebted to him, for the purpose of defrauding him, sold the note to the plaintiffs, who received it after maturity, well knowing the indebtedness of the payee to him.   He pleads compensation and payment, and prays that the note sued on may be cancelled and delivered up to him, and that its amount be credited on the claims he has against Prescott.   There was a judgment below in favor of the defendant, and the plaintiffs have appealed.

The record shows that in June, 1840, J. B. Prescott, a debtor of plaintiffs, being at the office of J. N. T. Richardson, their attorney at law, made his note in their favor for $3015, due one day

after date, and bearing interest at ten per cent per annum ; that he delivered the note to Richardson, as a mutual friend of his and the plaintiffs, for safe keeping ; that, at the same time, he endorsed the note sued on in blank, and handed it to Richardson to be collected of the defendant at maturity ; that the note sued on was left as collateral security by Prescott to ensure the payment of the debt of $3015, and with the express understanding and agreement that, out of its proceeds when collected, Richardson was to pay the note of $3015 to the plaintiffs, who were apprized of this arrangement ; that about the 1st of April, 1841, Robert Garland called upon Richardson in the name of the plaintiffs, and demanded the note sued on, together with the note of $3015 drawn by Prescott in their favor ; that Richardson declined giving up the notes, stating as his reason, that the note sued on exceeded the other in amount by several hundred dollars, for which he was accountable to Prescott, and because he considered himself under a pledge to the latter not to deliver the note of $3015 to be sued on, but to pay it when the note of $4000 should be collected at maturity. It appears, further, that upon the refusal of Richardson to surrender the note, Robert Garland gave notice to the defendant, that Lambeth and Thompson were the true and legal holders and proprietors of the note, and that he should not pay it to any person but them. Richardson testifies that he had frequent conversations with the defendant, between June, 1840, and the maturity of the note, in which he informed him of the terms and conditions upon which he held his (defendant's) note, and that defendant promised several times to pay him the amount of the note, not many weeks prior to its maturity ; and that since his return from New Orleans the defendant told him that he would have paid him the note, had he (witness) arrived at New Orleans earlier in February last, and that witness could then have paid over the amount to plaintiffs. He further declares that, since February, 1842, he delivered to J. B. Prescott his note of $3015, and delivered to R. Garland the note of $4000, he and J. M. Chilton, acting as the agents and attorneys of the plaintiffs, and binding themselves to account to him for the benefit of Prescott, for the difference between the amounts of the notes, the difference being about four hundred and ninety dollars ; that Garland had an order from the plaintiffs on him for

the note of $4000, and that Prescott also produced an order from the plaintiffs for his note of $3015, and that both orders were dated the 11th of March, 1842. Richardson adds, that he should have refused to surrender the note sued on to the plaintiffs, or to any other person, until the debt of $3015 was settled by Prescott. Another witness, John L. Wilson, deposes that in a conversation which he had with the defendant some time during the winter of 1841–2, he told him that he had to raise about $4000 to pay one of Prescott's notes to Major Richardson, who held it as agent of Lambeth and Thompson.

It is clear that the endorsement and delivery of the note sued on by Prescott to Richardson, before maturity, vested in the latter such a legal title as gave him the right to sue on it in his own name, but left it liable to all the equities of the maker against the endorser, Prescott, had he remained the sole owner of the note, and not disposed of any part of it. But it clearly results from the whole testimony, taken together, that, from the moment the note was placed in the hands of the plaintiffs' attorney, Prescott retained only a right to the balance that might remain after paying his debt of $3015, and that, had he changed his mind, he could not have regained possession of this note without first paying the debt. Richardson declares, unequivocally, that he would not have returned the note to Prescott, without a settlement of the note of $3015 in favor of the plaintiffs. The order to pay this sum out of the proceeds of the note when collected, and the endorsement and delivery of it by the payee for that purpose, coupled with the notice of this order or appropriation given to the maker, operated, we think, a legal transfer or assignment of that portion of the note. Richardson became the agent of both the owners of the note, and was accountable to each for his proportion of its proceeds. Of this arrangement the defendant not only had notice both from Garland and Richardson, but he acquiesced in it by repeatedly promising that he would pay the note in the hands of Richardson, who, he knew, was to execute the agreement between the payee and the plaintiffs. But it is objected that a debt, as between the debtor and creditor, is indivisible without the consent of both, and that, therefore, no partial transfer can be made by a creditor, so as to be binding on a debtor, except with the consent of the latter:

This we readily admit. But in this case, such consent is, we think, sufficiently shown, by the repeated promises of the defendant to pay the note to Richardson, the plaintiffs' agent, when he had a full knowledge of the transfer or assignment of a portion of it to them to pay a debt of the payee. He can, therefore, set off the credit he subsequently acquired against Prescott, only against that portion of his note which belonged to the latter on the 10th of March, 1842, when the two debts co-existed. Civ. Code, arts. 2203, 2204. Adding to the debt due to the plaintiffs, interest at the rate of ten per cent per annum up to that time, we find that they were then entitled to $3542 of the proceeds of the note placed in the hands of their agent ; and, for this amount, we think they are, in law and equity, entitled to a judgment.

It is, therefore, ordered, that the judgment of the District Court be reversed ; and that the plaintiffs recover of the defendant the sum of three thousand five hundred and forty-two dollars, with interest at the rate of ten per cent per annum, from the 25th of March, 1842, until paid, with costs in both courts ; reserving to the defendant the right of off-setting the balance of this note against any claims he may have against the payee, J. B. Prescott.